# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BADER FAMILY FOUNDATION, )<br>1236 N. Stafford St., Arlington, VA 22201 )<br>)<br>                          Plaintiff, )<br>  v.                                  )<br>                                     )<br>UNITED STATES DEPARTMENT OF )<br>EDUCATION, )<br>400 Maryland Ave., SW, Washington, DC 20202 )<br>)<br>                         Defendant ) | Civil Action No. 21-2086 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff alleges as follows, against Defendant U.S. Department of Education:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for improper withholding of agency records. Defendant first claimed it had no responsive records, then admitted it had 605 pages, yet withheld most of them. And it failed to search for two months of responsive records covered by plaintiff's request.

2) Plaintiff seeks to compel production under a May 20, 2021 FOIA request seeking emails that mention the 1619 Project, certain historians or biographers, and certain words related to a federal history and civics grant program.

3) The Education Department's preliminary notice about that federal grant program cited the 1619 Project,[1] whose controversial curriculum is reportedly taught in 4,500 schools.[2]

---

[1] *See* Andrew Ujifusa, *Biden Administration Cites 1619 Project as Inspiration in History Grant Proposal*, Education Week, April 19, 2021 (https://www.edweek.org/teaching-learning/biden-administration-cites-1619-project-as-inspiration-in-history-grant-proposal/2021/04), *citing* Education Department, *Proposed Priorities: American History and Civics Education*, https://www.regulations.gov/document/ED-2021-OESE-0033-0001.
[2] *See* Hannah Farrow, *The 1619 Project curriculum taught in over 4,500 schools — Frederick County Public Schools has the option*, Frederick News-Post, July 20, 2020, available at

4) Historians across the political spectrum have criticized the 1619 Project as very inaccurate. That includes the historians listed in plaintiff's FOIA request (such as Pulitzer Prize winners Gordon Wood and James McPherson), and a wide array of liberal, conservative, and socialist scholars.[3]

5) After the Education Department was widely criticized for citing the 1619 Project in its preliminary notice,[4] it "dropped references" to the 1619 Project in its final notice governing the American history and civics grant program.[5]

6) That controversy shows the requested records are of great public interest.

7) On May 28, 2021, Defendant responded to plaintiff's FOIA request by claiming that no responsive records existed.

8) On May 28, 2021, Plaintiff challenged that determination, by filing an administrative appeal arguing that responsive records in fact existed.

9) On June 24, 2021, Defendant issued a determination on Plaintiff's appeal, in a letter that admitted that "605 pages of records responsive to" plaintiff's request in fact existed.

---

https://www.fredericknewspost.com/news/education/the-1619-project-curriculum-taught-in-over-4-500-schools-frederick-county-public-schools-has/article_a2921b75-d012-5e9e-9816-8e762539f1d4.html.

[3] *See, e.g.,* Eliot Kaufman, *The '1619 Project' Gets Schooled*, Wall Street Journal, Dec. 16, 2019 (https://www.wsj.com/articles/the-1619-project-gets-schooled-11576540494); World Socialist Website, *The 1619 Project and the falsification of history*, https://www.wsws.org/en/articles/2019/12/28/nytr-d28.html.

[4] *See, e.g.,* Thomas Barrabi, *State AGs ask Biden to withdraw education proposals supporting 1619 Project, critical race theory*, Fox News, May 19, 2021 (www.foxnews.com/politics/state-ags-biden-education-proposals-1619-project-critical-race-theory).

[5] Valerie Strauss, *Education Department tries to tamp down controversy over U.S. history/civics grant program*, Washington Post, July 19, 2021 (linking to Education Department, *Applications for New Awards-American History and Civics Education-Presidential and Congressional Academies for American History and Civics*, 86 Fed. Reg. 38061 (July 19, 2021)).

10) The 605 pages disclosed omitted responsive records, by omitting most of the date range covered by plaintiff's FOIA request.

11) Defendant's June 24 letter, signed by "Gregory Smith, Director FOIA Service Center," stated that "The following search terms were used for the administrative search: Date Range – February 1, 2021 to March 24, 2021."

12) Plaintiff's FOIA request, by contrast, sought records from February 1, 2021, through the date the defendant processed its request.

13) The request was processed no earlier than May 24, 2021.

14) Thus, defendant omitted two months of responsive records, from March 25, 2021 to May 24, 2021.

15) Moreover, the Education Department improperly withheld most of the 605 pages of responsive records it disclosed to plaintiff, based on improper, overly sweeping, and conclusory exemption claims.

16) The Education Department's letter said "If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B)." It also stated that "You have the right to appeal the 605 pages by writing" to the Appeals Office, whose email address it listed as EDFOIAappeals@ed.gov.

17) On July 2, 2021, Plaintiff administrative administratively appealed defendant's June 24 determination, based on defendant's inadequate and incomplete search for responsive records, and its improper withholding of responsive records, as is described in more detail later in this Complaint.

18) Plaintiff emailed the appeal to EDFOIAappeals@ed.gov.

19) Defendant's response to that appeal was due within 20 working days, that is, by no later than August 2, 2021. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

20) On July 6, 2021, defendant sent plaintiff a letter to "acknowledge receipt of your July 2, 2021 letter appealing the Department's June 24, 2021 decision to deny in part your request for records under the Freedom of Information Act (FOIA)."

21) More than 20 working days have passed since plaintiff submitted its July 2, 2021 appeal, and more than 20 working days have passed since defendant acknowledged receiving it.

22) Yet, defendant has issued no determination on plaintiff's July 2, 2021 appeal, nor has it produced any of the withheld records, as of the date this lawsuit is being filed.

23) Due to defendant's failure to comply with FOIA's deadlines, plaintiff has filed this lawsuit to compel it to comply with the law.

24) Moreover, the Education Department's June 24 determination said that if plaintiff was "dissatisfied with" that determination, it could simply "file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B)."

25) This lawsuit is filed in accordance with 5 U.S.C. § 552(a)(4)(B).

## **PARTIES**

26) The Bader Family Foundation (BFF) is a non-profit, 501(c)(3) tax-exempt foundation that focuses heavily on educational issues. It supports non-profits (including media entities) that study and publish reports about history and civics instruction, and that use freedom of information laws to shed light on the operations of government. A BFF trustee, Hans Bader, has published about subjects related to the requested records in the

media,[6] and been cited in the media about them.[7] Bader is a former employee of the Education Department's Office for Civil Rights.[8]

27) United States Department of Education is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered at 400 Maryland Ave., SW, Washington, D.C. 20202. Defendant has possession, custody, and control of the records Plaintiff seeks.

## JURISDICTION AND VENUE

28) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

29) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the records are located in Washington, D.C., and because defendant is a federal agency.

## FACTUAL AND STATUTORY BACKGROUND

30) On May 20, 2021, plaintiff submitted a FOIA request to defendant that requested the following records:

> Any email sent or received between February 1, 2021 and the date you process this request, by any covered Education Department employee that contains the following words: (1) "1619 Project," and (2) "history and civics"; and (3) "grant" and (4) "program"

---

[6] *See, e.g.*, Bader, *History and civics grant program may subsidize discriminatory ideology*, Liberty Unyielding, Apr. 24, 2021 (https://libertyunyielding.com/2021/04/24/program).

[7] *See, e.g.,* Stanley Kurtz, *Biden Set to Push Critical Race Theory on U.S. Schools*, National Review, April 19, 2021 (discussing the federal history and civics grant program, and linking to an article by Hans Bader in hyperlink on the words "hostile educational environment") (available at www.nationalreview.com/corner/biden-set-to-push-critical-race-theory-on-u-s-schools).

[8] *See* George Will, *'Alice in Wonderland' coercion*, Oklahoman, May 26, 2013, available at https://www.oklahoman.com/article/3833883/george-f-will-alice-in-wonderland-coercion ("Hans Bader" is a "former OCR lawyer").

5

or "programs" and (4) "Gordon Wood" or "James McPherson" or "Sean Wilentz" or "Timothy Sandefur" or "Victoria Bynum."

The term "covered Education Department employee" means any employee of the U.S. Department of Education who oversees, manages, administers, or designs federal grant programs, or helps shape criteria for federal grants; and who works for, or with, the Office of Elementary and Secondary Education in Washington, DC. It includes the Deputy Assistant Secretary for Policy and Programs in the OESE. It does not include any employee below the GS-12 pay level.

31) On May 21, 2021, plaintiff submitted a request for the exact same records electronically by uploading it online using defendant's FOIA portal, at https://foiaxpress.pal.ed.gov.

32) In response, defendant acknowledged receipt of plaintiff's FOIA request on May 21, 2021, and assigned it tracking number 21-01695-F.

33) On May 28, 2021, defendant issued a determination that no responsive records existed. In a letter, it stated that "Staff from OESE informed this office (FSC) that after a search of their files, they were unable to locate any documents that were responsive to your request."

34) On May 28, 2021, plaintiff emailed an administrative appeal of this determination to defendant, which defendant received on May 28, 2021.

35) Defendant assigned the appeal tracking number 21-00034-A.

36) In its administrative appeal, plaintiff explained that it was implausible to assert that there were no responsive records, and it questioned the adequacy of defendant's search for responsive records.

37) For example, plaintiff stated that "it is wholly implausible that such a widely-discussed subject would not be discussed in a single email, given how often people have discussed it with the Department of Education," given that the "FOIA request, which relates to historical criticism of the 1619 Project by leading academics and authors, has been discussed by many people in communications with the Department of Education. For example, look at some of the more than 30,000 comments submitted in April and May in response to" the Education Department's "Proposed Priorities: American History and Civics Education (proposed rule, April 19, 2021)."

38) As plaintiff noted, "Many of the comments in that rulemaking record contain the words in quotes in my FOIA request, including '1619 Project,' 'history and civics,' 'program,' and the name of one or more of the five historians and authors I listed, 'Gordon Wood' or 'James McPherson' or 'Sean Wilentz' or 'Timothy Sandefur' or 'Victoria Bynum.'"

39) As plaintiff further observed, "To address these comments in their final rule, Education Department officials necessarily have had to review and begin discussing them, which necessarily results in emails between Education Department employees containing these search terms…. So emails among DOE employees responsive to our request necessarily have come into being as a result."

40) Moreover, plaintiff noted, commenters also "sent courtesy copies of their comments, or communications similar to their comments, by email to Department employees," such as "Mia Howerton."

41) For example, plaintiff cited a May 21, 2021 "mass email announcing [a] group's comments addressed to [a specific] Education Department official, and filed at Regulations.Gov as Comment ID ED-2021-OESE-0033-29868)."

42) Plaintiff noted that "It is wholly implausible that such commenters, who sought a maximum audience for their concerns, did not also share their comments by email with policymaking officials in the Department of Education and the Office of Elementary and Secondary Education. And that is putting aside the likelihood that other members of the public likely emailed Department employees about this subject (even without submitting any comments at Regulations.Gov), given that the Education Department's rulemaking became the subject of great public controversy and news coverage. *See, e.g.,* Thomas Barrabi, *State AGs ask Biden to withdraw education proposals supporting 1619 Project, critical race theory*, Fox News, May 19, 2021, available at www.foxnews.com/politics/state-ags-biden-education-proposals-1619-project-critical-race-theory."

43) Plaintiff stated that "It is utterly implausible that such a widely-discussed subject would not be discussed in a single email.  *Cf. ACLU v. CIA*, 710 F.3d 422, 430 (D.C. Cir. 2013) (it is simply 'implausible' for an agency to claim it 'does not possess a single document" in response to a FOIA request about a subject it publicly discussed')."

44) Plaintiff questioned whether defendant had failed to search for emails exchanged with employees who worked "with" but not "for" the Office of Elementary and Secondary Education.

45) On June 24, 2021, Defendant issued a determination on Plaintiff's appeal, in a letter that recognized that "605 pages of records responsive to" plaintiff's request in fact existed.

46) Those 605 pages omitted responsive records, by omitting most of the date range covered by plaintiff's FOIA request.

47) Defendant's June 24 letter, signed by "Gregory Smith, Director FOIA Service Center," stated that "The following search terms were used for the administrative search: Date Range – February 1, 2021 to March 24, 2021."

48) Plaintiff's May 20 FOIA request, by contrast, sought records from February 1, 2021, through the date the defendant processed its request.

49) Defendant did not begin processing the request before May 24, 2021.

50) So the responsive records should have included emails from February 1, 2021 through May 24, 2021.

51) Plaintiff's FOIA request asked for "[a]ny email sent or received between February 1, 2021 and the date you process this request, by any covered Education Department employee that contains the following words…."

52) The Education Department did not begin processing plaintiff's request until May 24, 2021.

53) It did not even acknowledge plaintiff's request until May 21, 2021.

54) Defendant did not describe the request as being "In Process" until May 24, 2021.

55) On May 24, 2021, defendant sent an email notifying plaintiff that "The status of your FOIA request #21-01695-F has been updated to the following status 'In Process'".

56) Yet, defendant conducted an administrative search covering only February 1, 2021 to March 24, 2021.

57) Thus, defendant omitted two months of responsive records, from March 25, 2021 to May 24, 2021.

58) Responsive records existed in that two-month period.

59) A responsive record is shown in Exhibit 1 to the Complaint filed on June 30, 2021, in *Bader Family Foundation v. United States Department of Education*, D.D.C. No. 21-1741 (DLF).

60) It contains a May 20, 2021 email to Deputy Assistant Secretary Ian Rosenblum.

61) That May 20, 2021 email states, in part,

 "The New York Times' 1619 Project is so badly flawed, and makes so many false claims, that the Education Department should not have cited it, and it should not be touted in the Education Department's priorities for the American History and Civics Education programs. As Education Week points out, "historians have criticized important elements of the 1619 Project."… the 1619 Project makes false claims about America's history. It made debunked claims such as saying that "'the moment [America] began" was in 1619, and that an incident in that year "is the country's very origin."…That assertion is wrong, as is explained by Timothy Sandefur, author of a well-known biography of Frederick Douglass, "Frederick Douglass: Self-Made Man."

62) That May 20, 2021 email in Rosenblum's email account was a record requested by plaintiff's FOIA request.

63) That email is not privileged and is not covered by any FOIA exemption.

64) Defendant neither produced this record nor acknowledged its existence.

65) Accordingly, defendant improperly withheld agency records.

66) Moreover, the Education Department improperly withheld most of the 605 pages of responsive records it disclosed to plaintiff in its June 24 determination, based on improper, overly sweeping, and conclusory exemption claims.

67) Factual, non-exempt material was withheld rather than being released.

68) Along with its June 24, 2021 letter to plaintiff, defendant provided a CD-Rom containing 605 pages of emails, but most of the pages it produced contained no email text at all, due

to complete redaction of all email text on such pages. All substance was removed from responsive records.

69) For example, as plaintiff explained in its July 2, 2021 appeal:

The responsive records have been withheld in virtually their entirety pursuant to FOIA's Exemption 5, except for Louise Dube's email to Phil Rosenfelt (pp. 350-419 of the responsive records), and the emails in pp. 512-526, which do not appear to be responsive to our FOIA request, and which were received by someone who is probably not a *covered* Education Department employee.

The emails in pp. 1-349, pp. 420-511, and pp. 527-605 of the records produced to us have been almost entirely redacted and "Withheld pursuant to exemption (b)(5) of the Freedom of Information and Privacy Act," according to the notation on each of the emails largely withheld pursuant to this exemption. For example, pages 2-103 of the responsive records are entirely redacted, and contain only the words "Withheld pursuant to exemption (b)(5) of the Freedom of Information and Privacy Act." See March 3, 2011 11:24 AM email form Soren Lagaard. And pages 109- 157 and pages 163-209 of the responsive records are entirely redacted, and contain only the words "Withheld pursuant to exemption (b)(5) of the Freedom of Information and Privacy Act." (See March 4, 2021 3:53 PM email from Jessica Cardichon, which appears twice, at both pp. 109-157 and pp. 161-209 of the responsive records).

We challenge all of the (b)(5) exemption claims, because the withholdings are so complete that they plainly withhold factual information not covered by deliberative process privilege, not just the sort of opinions and recommendations about formulating government policy that can be withheld pursuant to exemption (b)(5). Deliberative process "privilege applies only to the 'opinion' or 'recommendatory' portion" of a document, not the "factual information" in it. *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 867 (D.C. Cir. 1980). The opinion or recommendatory portion of a document can sometimes be withheld pursuant to the privilege, but factual material must be reproduced, unless the government can "show with reasonable specificity why" that is not feasible. *Marshall v. FBI*, 802 F.Supp.2d 125, 135 (D.D.C. 2011). The Education Department has not denied that the withheld material includes

11

factual information, so it had an obligation to identify the proportion of factual information contained in the portions of documents withheld, if it wished to assert a privilege claim regarding them. *See NRDC v. Dept. of Defense*, 442 F.Supp.2d. 857, 872, 874 (C.D.Cal.2006). By failing to do so, it has waived its privilege claims, and even if it had not, the fact that it withheld virtually all of most of the responsive records described above shows that it withheld reasonably-segregable factual information that is had an obligation to produce under FOIA.

We further challenge all of the (b)(5) exemption claims, because the Education Department has not demonstrated that the emails were shared only between Education Department employees. To show communications are "intra-agency" or "inter-agency" for purposes of FOIA, and thus potentially privileged under Exemption 5, an agency must list the "organizational affiliations" of "all senders and recipients." *People for the American Way Foundation v. U.S. Department of Educ.*, 516 F.Supp.2d 28, 30, 41-42 (D.D.C. 2007). The Department has not listed the organizational affiliations of senders and recipients, or listed the recipients of any blind carbon copies. *Compare Baxter Healthcare Corp. v. Fresenius Medical Care Holding*, 2008 WL 4547190, *1 (N.D. Cal. Oct. 10, 2008).

Also, a privilege claim should provide "detail as to the identities, positions, and job duties of the authors and recipients of the withheld documents." *Electronic Frontier Foundation v. U.S. Department of Justice*, 826 F.Supp.2d 157, 170 (D.D.C. 2011). In addition to listing all authors and recipients of a document, an agency should also explain "what their respective positions are in the decisional hierarchy." *Fox News Network v. Dept. of Treasury*, 678 F.Supp.2d 162, 167 (S.D.N.Y. 2009).

The Education Department has not done this for any privilege claim. The Department also has not explained *what* deliberative process these redactions relate to, for any claim. "It is not enough to state that documents relate to a deliberative process," and the agency "must identify the specific deliberative process at issue." *Hall v. D.O.J.*, 552 F.Supp.2d 23, 29 (D.D.C. 2008). An agency should describe '(1) the nature of the specific deliberative process involved, (2) the function and significance of the document in that process, and (3) the nature

of the decisionmaking authority vested in the document's author and recipient,'" including a "description of what role the withheld documents played in the agency's deliberative processes, as well as a clear indication of the relevant 'chronology' necessary to demonstrate that documents were predecisional" and "the positions in the chain of command of the parties to the documents*." McKinley v. FDIC*, No. 15–1764, 2017 WL 3394502, **5-6 (D.D.C. Aug. 7, 2017).

The Education Department also fails to demonstrate harm from disclosure, for any of its redactions. "Not only must an agency specify the deliberative process pursuant to which documents are redacted, the agency must demonstrate that harm will result if the redacted documents are released." *Hall v. D.O.J.*, 552 F.Supp.2d 23, 29 (D.D.C. 2008).

In addition to withholding agency records responsive to our FOIA request in virtually their entirety, the Education Department's response to out FOIA request also produced records that we did not seek, and are not responsive to our FOIA request. That indicates that its search for responsive records used an unreliable methodology. Such records are found in pages 512-526 of the supposedly responsive records.

On pages 512-516 of the Education Department's response, there is a February 27, 2021 12:00 PM email that contains only the search term "Timothy Sandefur," not the other search terms specified by our FOIA request. This email was received by an employee of the National Center for Education Statistics, who may not be a covered Education Department employee, since he does not work for the Office of Elementary and Secondary Education, and our FOIA request sought records sent or received by employees who work with or for OESE, not *all* Education Department employees.

Pp. 517-522: This March 6, 2021 10:00 AM email contains only the search term "Timothy Sandefur," not the other specified search terms. This email was received by an employee of the National Center for Education Statistics, who may not be a covered Education Department employee, since he does not work for the Office of Elementary and Secondary

Education, and our FOIA request sought records sent or received by employees who work with or for OESE.

Pp. 523-526: This March 13, 2021 11:35 AM email contains only the search term "Timothy Sandefur," not the other specified search terms. This email was received by an employee of the National Center for Education Statistics, who may not be a covered Education Department employee, since he does not work for the Office of Elementary and Secondary Education, and our FOIA request sought records sent or received by employees who work with or for OESE.

70) The Education Department's June 24, 2021 determination said "If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B)."

71) So plaintiff can now sue over the Education Department's withholdings, without administratively appealing the June 24, 2021 determination.

72) Although it did not have to do so prior to suing, plaintiff has also exhausted its discretionary administrative remedies over the June 24, 2021 determination.

73) The Education Department's June 24 determination stated that "You have the right to appeal the 605 pages by writing" to the Appeals Office, whose email address it listed as EDFOIAappeals@ed.gov.

74) Plaintiff timely administratively appealed the Education Department's withholdings, on July 2, 2021.

75) Plaintiff emailed the appeal on July 2, 2021 at 10:33 a.m. to EDFOIAappeals@ed.gov, and it was accordingly received by the agency on July 2, 2021.

76) But defendant did not issue a determination on plaintiff's July 2, 2021 appeal within the statutory deadline, or prior to the filing of this lawsuit.

77) Defendant's ruling on plaintiff's administrative appeal was due 20 working days after it received plaintiff's appeal. *See* 5 U.S.C. § 552(a)(6)(A)(ii).[9]

78) So defendant's deadline for issuing its determination was August 2, 2021.

79) But defendant did not issue a determination by August 2, 2021. Nor did defendant issue a determination on plaintiff's July 2 appeal within 20 working days after acknowledging receipt of that appeal.

80) Due to defendant's failure to comply with the statutory deadline for ruling on plaintiff's administrative appeal, plaintiff exhausted all administrative remedies.[10]

81) FOIA provides that a requester is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i).

82) Thus, plaintiff can now sue over this FOIA request, even if exhaustion of administrative remedies were required for its July 2 appeal.

**Defendant Has Waived the Right to Charge Fees**

83) Since defendant did not comply with FOIA's deadlines, it has waived the right to collect any fees for processing plaintiff's FOIA requests.

84) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies

---

[9] *See Competitive Enterprise Institute v. U.S. Environmental Protection Agency*, 232 F.Supp.3d 172, 182 (D.D.C. 2017) ("the relevant question is 'when the [FOIA requester's] appeal was received by'" the agency, rather than when the appeal was received by particular agency employees or "the appropriate component of the agency").

[10] *See CREW v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2016) (holding that "if an agency does not adhere to certain statutory timelines in responding to a FOIA request, the requester is deemed by statute to have fulfilled the exhaustion requirement")

that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (emphasis added).

85) Moreover, it would be inappropriate to charge any fees for an additional reason: the records sought in plaintiff's FOIA requests, which relate to the instruction of America's youth, are of great public interest, and producing them would be of public benefit. Plaintiff thus requested fee waivers in its FOIA requests.

86) As judges have noted, "how we teach the young" and "what we teach them" are "of the most central concern to every community in the nation," and thus legally a matter of public concern. *Cox v. Dardanelle Public School Dist.*, 790 F.2d 668, 673 (8th Cir.1986).

87) Production of the requested records will make them available to the public, providing a public benefit. When agencies produce records to undersigned counsel, he posts them on the internet, and includes a hyperlink to them in his blog posts at the Liberty Unyielding blog and other blogs that reproduce his blog posts.[11] Thousands of people read such blog posts, making the records widely available.[12]

88) The records are urgently needed by an individual engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity.

---

[11] *See, e.g.*, Hans Bader, *Court orders release of records related to claim global warming causes severe winter cold*, Liberty Unyielding, March 18, 2016 (https://libertyunyielding.com/2016/03/18/court-orders-release-of-records-related-to-claim-global-warming-causes-severe-winter-cold).

[12] For example, Liberty Unyielding has tens of thousands of readers. *See* https://www.similarweb.com/website/libertyunyielding.com.

**FIRST CLAIM FOR RELIEF**

**Duty to Produce Records – Declaratory Judgment**

89) Plaintiff re-alleges paragraphs 1-88 as if fully set out herein.

90) Defendant is improperly withholding agency records.

91) Plaintiff asks this Court to enter a judgment declaring that:

    a.    Plaintiff is entitled to the records described in its FOIA requests, and any attachments thereto;

    b.    Defendant's processing of plaintiff's FOIA requests is not in accordance with the law, and does not satisfy Defendant's obligations under FOIA;

    c.    Defendant has a duty to produce the records responsive to plaintiff's FOIA requests;

    d.    Defendant has a duty to produce them without charging any fees.

**SECOND CLAIM FOR RELIEF**
**Duty to Produce Records – Injunctive Relief**

92) Plaintiff re-alleges paragraphs 1-91 as if fully set out herein.

93) Plaintiff is entitled to injunctive relief compelling defendant to produce the records described in plaintiff's FOIA requests, without charging any fees.

94) Plaintiff asks the Court to issue an injunction ordering defendant to produce to plaintiff, within 10 business days of the date of the order, the records sought in plaintiff's FOIA requests, and any attachments thereto.

**THIRD CLAIM FOR RELIEF**
**Costs And Fees – Injunctive Relief**

95) Plaintiff re-alleges paragraphs 1-94 as if fully set out herein.

96) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

97) This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other relief as the Court shall deem proper.

Respectfully submitted this 4th day of August, 2021,

/s/ Hans F. Bader
Hans F. Bader
D.C. Bar No. 466545
hfb138@yahoo.com
1100 Conn. Ave., NW, #625
Washington, DC 20036
(703) 399-6738

*Attorney for Plaintiff*